UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EGLON BASCOM,

                Plaintiff,

-against-

THE BROOKDALE HOSPITAL,

                Defendant.
-----------------------------------------------------------x

10-CV-3378 (ARR) (LB)

MEMORANDUM
AND ORDER

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

ROSS, United States District Judge:

On July 22, 2010, plaintiff Eglon Bascom, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1981 alleging that defendant had breached a contract entered into on June 25, 1998. Plaintiff seeks to "[1] expand the statute of limitations on this earlier introduced breach of contract claim [and 2] issue an order directing the Defendant to reinstate plaintiff into the residency program as a Third Year Chief Medical resident with sponsored housing and back pay as an Ophthalmologist for the elapsed years." Plaintiff also seeks $300 million in damages. (Compl. at 2-3.)[1] At the same time, plaintiff filed a proposed order to show cause for a preliminary injunction seeking to reinstate plaintiff immediately as a Third Year Chief Resident in the Internal Medical Residency Program with $250,000 and housing." Plaintiff also filed a separate motion to expand the statute of limitations period "in the breach of contract claim which was first introduced into this Court as 02-CV-6627-NG-LB." Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.

---

[1] None of the documents submitted by plaintiff are paginated. The court refers to the page numbers assigned by the Electronic Case Filing system.

1

By order dated July 22, 2010, the court denied plaintiff's order to show cause for preliminary injunction since he had neither demonstrated a likelihood of success on the merits nor made a showing of irreparable harm. Additionally, for the reasons set forth below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and plaintiff is directed to show cause why a filing injunction should not be entered against him.

## STANDARD OF REVIEW

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff was previously employed as a medical resident in Brookdale's Internal Medicine Department. On December 18, 2002, plaintiff filed his first action against Brookdale Hospital and Dr. Ethan Fried, the Program Director of Residency Training. Plaintiff alleged that Dr. Fried harassed him on account of his race and religion, sent Bascom's subsequent employer, Cabrini Hospital, a "derogatory" letter, and notified the American Board of Internal Medicine that Bascom's performance at Brookdale was inferior. Bascom v. Fried, No. 02-CV-6627 (E.D.N.Y. Feb. 4, 2004), aff'd, 116 Fed. Appx. 300 (2d Cir. 2004) (dismissed with prejudice because plaintiff's claims were untimely). Plaintiff paid the statutory filing fee to commence the action. In that case, plaintiff filed

2

six motions for reconsideration in this court, all of which were denied, and he was "put on notice that he is barred from filing any further motions under this docket number." Id., Bascom, No. 02-CV-6627, slip op (E.D.N.Y. June 27, 2007).

On February 7, 2007, plaintiff filed his second action against Brookdale Hospital and Dr. Fried. The court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff alleged discrimination and retaliation on the basis of race and national origin. Bascom v. Brookdale Hospital, No. 07-CV-677 (NG) (ALC), 2010 WL 475304, at *1 (E.D.N.Y Jan. 15, 2010) (dismissed on the ground that plaintiff had failed to present evidence beyond "mere conjecture" that defendant had disseminated adverse employment references). Plaintiff did not identify the employer to whom the letter was allegedly sent by Brookdale nor produce the letter or any other form of admissible evidence proving the letter's existence. Plaintiff's retaliation claim was dismissed on the same ground: plaintiff provided no evidence that Brookdale took any adverse action against him for filing lawsuits in this court. 2010 WL 475304, at *3.

On March 3, 2010, plaintiff filed his third action against Brookdale Hospital. Bascom v. Brookdale Hospital and University Medical Center, No. 10-CV-1027 (ARR)(LB). The court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff alleged discrimination and retaliation on the basis of his race. At an initial status conference held on May 6, 2010, the Honorable Lois Bloom, United States Magistrate Judge, discussed with plaintiff the possible sanctions that would be imposed on him if he continued to file actions against defendant for the same occurrence. See Initial Conf. Tr., 10-CV-1027, Dkt. No. 18 at 4, 14-16, 20. By order dated May 7, 2010, the court authorized defendant to serve a Rule 11 letter for sanctions upon plaintiff if plaintiff did not voluntarily discontinue his third employment discrimination action against Brookdale. Plaintiff

withdrew the action and, by order dated May 12, 2010, the action was dismissed.

On May 21, 2010, plaintiff filed his fourth complaint against Brookdale Hospital. Bascom v. The Brookdale Hospital, No. 10-CV-2350 (ARR)(LB). The court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff alleged that defendant violated his rights under 42 U.S.C. § 1981 by interfering with his ability to contract with other hospitals to continue his residency. By Order dated June 15, 2010, the court dismissed the complaint as malicious and for failure to state a claim. The court also denied plaintiff's motion for a preliminary injunction and proposed order to show cause to enjoin defendant from "preventing me from making contracts." The court concluded that the action was malicious in light of his litigation history since plaintiff's complaint duplicated "allegations of another [ ] federal lawsuit by the same plaintiff." Bascom, No. 10-CV-2350, slip op. at 5-6 (quotation omitted and citing cases). The court warned plaintiff that it would not tolerate repeated litigation against Brookdale Hospital and that it would enter an order barring him from filing future *in forma pauperis* complaints without first obtaining the court's permission. Bascom, No. 10-CV-2350, slip op. at 6 (citing cases).

On July 2, 2010, plaintiff filed his fifth action against Brookdale Hospital. Bascom v. The Brookdale Hospital, No. 10-CV-3052 (ARR) (LB). He alleged that defendant violated his rights under 42 U.S.C. § 1981 by "telling prospective employers not to hire African-Americans." Specifically, plaintiff alleges that on June 21, 2010, he "applied for work at Kings County Hospital" and that "Kings County Hospital informed me by phone a few days later that just as a matter of routine they checked with my past employers, The Brookdale Hospital, Kings County Hospital said that they wouldn't hire me because the Brookdale Hospital told them not to hire any African-Americans." (Compl. at 1.)

4

On July 2, 2010, Magistrate Judge Bloom held a conference with plaintiff and an attorney for Brookdale Hospital in which she attempted to explain to plaintiff that both filing actions and making false statements would have repercussions. See Pretrial Conf. Tr., 10-CV-3052, Dkt. No. 7, at 3-4. The court dismissed the action as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B), denied plaintiff's motion for a temporary restraining order and order to show cause for a preliminary injunction and warned plaintiff that he could be subject to Rule 11 sanctions in any new filing against defendant. Bascom, No. 10-CV-3052, slip op. at 5-6. Again, the court warned plaintiff that it would not tolerate repeated litigation against Brookdale Hospital and that it would enter an order barring him from filing future *in forma pauperis* complaints without first obtaining the court's permission. Bascom, No. 10-CV-3052, slip op. at 6-7 (citing cases).

Undeterred, on July 22, 2010, plaintiff filed the instant action, his sixth, against Brookdale Hospital. He alleges that defendant breached a contract entered into over twelve years ago, on June 25, 1998, "which states that upon satisfactory completion of the residency program, the hospital will furnish to the Resident a certificate of completion." (Compl. at 2.) Plaintiff also moved to extend the statute of limitations period and an order to show cause seeking reinstatement into defendant's residency program. By order dated July 22, 2010, the court denied plaintiff's order to show cause for preliminary injunction since he had neither demonstrated a likelihood of success on the merits nor made a showing of irreparable harm. On July 26, 2010, plaintiff filed a letter along with attached exhibits consisting of, *inter alia*, a copy of the Resident Agreement signed on June 25, 1998 with defendant, Interoffice Memoranda dated February 19, 1999 and March 1, 1999, and correspondence from 1999-2000.

## DISCUSSION

Plaintiff has not heeded the court's warnings and has continued to file vexatious complaints against Brookdale Hospital. Furthermore, plaintiff's attempt to relitigate his claims against Brookdale Hospital based on the Resident Agreement is time-barred. Section 1981 claims filed in New York are subject to a four-year statute of limitations period. Nicholls v. Brookdale University Hosp. Medical Center, No. 03-CV-6233, 2004 WL 1533831, at *3 (E.D.N.Y. July 9, 2004) (citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)). Plaintiff provides no dates for defendant's purported violation under § 1981, but he seeks "$300 million []with interest from July 1, 2000," (Compl. at 3.) Assuming that July 1, 2000 is the relevant date, this action filed on July 22, 2010, against defendant is clearly time-barred.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to extend the statute of limitations is denied.

Having been forewarned, plaintiff is now directed to show cause, within 30 days, why an order barring him from filing any new *in forma pauperis* action against Brookdale Hospital or related to his former residency at Brookdale Hospital, without first obtaining leave of court, should not be entered against him. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990); Sassower v. Sansverie, 885 F.2d 9, 11 (2d Cir. 1989); 28 U.S.C. § 1651(a).

Plaintiff shall file an affirmation in response to this order within 30 days from the entry of this order. If plaintiff fails to file an affirmation or otherwise respond to this order within the time allowed, an order enjoining plaintiff from filing any new *in forma pauperis* action against Brookdale Hospital or related to plaintiff's residency at Brookdale Hospital as set forth above shall be entered.

Entry of judgment shall be stayed for 30 days to afford plaintiff an opportunity to show cause. The court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       August 3, 2010

Service List:

Plaintiff (pro se):

Eglon Bascom
636 East 34th Street
Brooklyn, NY 11203

Attorney for Defendant:

Mark S. Mancher
Jackson Lewis, LLP
58 South Service Road, Suite 410
Melville, NY 11747