UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EGLON BASCOM,

                        Plaintiff,

    -against-

THE BROOKDALE HOSPITAL,

                        Defendant.
------------------------------------------------------------x

10-CV-3378 (ARR)

MEMORANDUM
AND ORDER

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

ROSS, United States District Judge:

By Memorandum and Order dated August 3, 2010, the court dismissed plaintiff's latest action against defendant as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed plaintiff to show cause why he should not be barred from filing any new *in forma pauperis* action against Brookdale Hospital or related to his former residency at Brookdale Hospital, without first obtaining leave of court. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); Iwachi v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005); In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993); Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990); Sassower v. Sansverie, 885 F.2d 9, 11 (2d Cir. 1989); 28 U.S.C. § 1651(a).

On August 10, 2010, plaintiff filed his response to the court's order to show cause. Contrary to the court's records, plaintiff argues that the court's conclusion that his complaint are vexatious and malicious came as a "surprise to the Pro Se Plaintiff" and that he "is now embarked on a different approach to restore his civil liberties." (Docket Entry #9). Plaintiff's

1

new approach consists of submitting documents in a previously closed case.

## Plaintiff's Litigation History

Plaintiff has filed the following actions against Brookdale Hospital and related defendants in this court. Bascom v. Fried, No. 02-CV-6627 (E.D.N.Y. Feb. 4, 2004), aff'd, 116 Fed. Appx. 300 (2d Cir. 2004) (dismissed with prejudice because plaintiff's claims were untimely); Bascom v. Brookdale Hospital, No. 07-CV-677 (NG) (ALC), 2010 WL 475304, at *1 (E.D.N.Y Jan. 15, 2010) (dismissed on the ground that plaintiff had failed to present evidence beyond "mere conjecture" that defendant had disseminated adverse employment references); Bascom v. Brookdale Hospital and University Medical Center, No. 10-CV-1027 (ARR) (LB) (E.D.N.Y. May 12, 2010) (withdrawn after plaintiff was warned of possible sanctions); Bascom v. The Brookdale Hospital, No. 10-CV-2350 (ARR) (LB) (E.D.N.Y. June 15, 2010) (dismissed as malicious and for failure to state a claim and also warned plaintiff that he would be subject to a filing injunction); Bascom v. The Brookdale Hospital, No. 10-CV-3052 (ARR) (LB) (E.D.N.Y. July 9, 2010) (dismissed as frivolous and malicious and plaintiff warned that he would be subject to Rule 11 sanctions and a filing injunction).

Plaintiff does not provide the court with any basis to conclude that he will stop filing frivolous complaints against Brookdale Hospital and, in fact, admits that he will now file submissions in a previously closed case. See Bascom, No. 07-CV-677 (plaintiff has recently filed a "motion to open a closed case" and a "motion to amend complaint"). Furthermore, plaintiff's contention that he is "surprise[d]" that the court has construed his complaints as vexatious and malicious is belied by the court conferences held with plaintiff wherein the court

2

explained the consequences of his litigation conduct in addition to the court's prior orders. The court has no other recourse but to bar plaintiff from filing any new *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale Hospital without leave of court.

## Conclusion

Accordingly, it is **ORDERED** that

(1) Eglon Bascom is enjoined from filing any new *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale Hospital in this Court without first obtaining leave of Court; (2) the Clerk of Court is directed to return to Mr. Bascom, without filing, any new *in forma pauperis* action against Brookdale Hospital or related defendants which is received without a separate application seeking leave to file; (3) if the Court grants Mr. Bascom leave to file a new action, the civil action shall be filed and assigned a civil docket number; (4) if leave to file is denied, Mr. Bascom's submission shall be filed on the court's miscellaneous docket. 28 U.S.C. § 1651

Nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Memorandum and Order; however, the court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       August 26, 2010

Service List:

<u>Plaintiff (pro se)</u>:

Eglon Bascom
636 East 34th Street
Brooklyn, NY 11203


<u>Attorney for Defendant</u>:

Mark S. Mancher
Jackson Lewis, LLP
58 South Service Road, Suite 410
Melville, NY 11747