UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DR. EGLON BASCOM,

               Plaintiff,

      -against-

THE BROOKLYN HOSPITAL,

               Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-3378 (ARR)

ROSS, United States District Judge.

On August 26, 2010, under this docket number, the Court barred plaintiff from filing any future *in forma pauperis* action against Brookdale Hospital or related to his prior residency at Brookdale in this Court without first obtaining leave of Court. Because plaintiff continued to abuse the resources of the Court and its personnel by filing repeated meritless submissions and actions, on February 26, 2018, the Court entered a broader filing injunction barring plaintiff from filing any new *in forma pauperis* action against the Brooklyn Hospital Center or any other hospital institution relating to that entity's refusal to admit plaintiff to its residency program, unless plaintiff first obtains leave of Court. *Bascom v. The Brooklyn Hospital*, No. 15-CV-2256 (BMC)(LB) (ECF No. 53). The Order also spelled out how the injunction would be enforced:

> Should plaintiff file any further document in this Court . . . , the Clerk is directed to open a miscellaneous matter, file the document, close the matter and docket any additional documents that plaintiff files within that closed matter. This Court shall review each filing to determine if it alleges a colorable claim, but if it does not, no Order will be entered or other action taken in connection with that filing, as Judge Townes had to prepare at least seven orders rejecting proposed filings, which tends to defeat part of the purpose of the antisuit injunction.

1

On July 16, 2018, plaintiff filed the instant motion seeking permission to file a motion to re-open this case. Plaintiff's request does not provide any valid reason to allow the proposed motion to proceed. It names the same hospital and claim that he has abusively filed and repeatedly been denied. Plaintiff's proposed motion is utterly devoid of merit. Thus, plaintiff's application for leave to file the instant motion is denied.

## Conclusion

Accordingly, given plaintiff's extensive history of vexatious litigation, and in the absence of any basis for leave to file to be granted, he is denied permission to file this motion. The filing injunctions remain in effect and shall henceforth be enforced in the manner outlined by Judge Cogan in *Bascom v. The Brooklyn Hospital,* No. 15-CV-2256 (BMC)(LB) (ECF No. 53). That is:

> Should plaintiff file **any further document** in this Court . . . , the Clerk is directed to open a miscellaneous matter, file the document, close the matter and docket any additional documents that plaintiff files within that closed matter. This Court shall review each filing to determine if it alleges a colorable claim, but if it does not, no Order will be entered or other action taken in connection with that filing, as Judge Townes had to prepare at least seven orders rejecting proposed filings, which tends to defeat part of the purpose of the antisuit injunction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close these actions.

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       July 18, 2018